# JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SACV 13-00152-CJC(ANx)                                  Date:  February 20, 2013

Title: U.S. NATIONAL ASSOCIATION, ET AL. V. ANTHONY MATTHEWS, ET AL.

PRESENT:

### HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE

| Michelle Urie | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                              None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

## Introduction and Background

Plaintiff U.S. National Association ("Plaintiff") filed this state law action for unlawful detainer against Anthony Matthews in the Superior Court for the County of Orange on January 10, 2013, seeking less than $10,000 in damages.  Plaintiff seeks possession of the property at 246 East 22nd Street, Costa Mesa, CA, which was foreclosed on and sold to Plaintiff at a trustee's sale.  Aaron Ale intervened as an additional defendant in this case.  On January 30, 2013, Mr. Ale, acting pro se, removed the action to federal court alleging federal question jurisdiction.  (Dkt. No. 1 [Not. of Removal].)  For the following reasons, the Court, on its own motion, **REMANDS** this action back to state court.

## Discussion

The party removing an action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  In a case removed from state court, a district court must remand the case to state court if it appears at any time before final judgment that the

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-00152-CJC(ANx)                    Date: February 4, 2013
                                                   Page 2

---

district court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  A defendant may
remove a civil action filed in state court to a federal district court if the federal court may
exercise original jurisdiction over the action.  28 U.S.C. § 1441(b).  A federal court can
assert subject matter jurisdiction over cases that (1) involve questions arising under
federal law or (2) are between diverse parties and involve an amount in controversy that
exceeds $75,000.  28 U.S.C. §§ 1331, 1332.  A cause of action arises under federal law
only when a federal question appears on the face of the plaintiff's well-pleaded
complaint.  *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).

        Mr. Ale has failed to meet his burden of establishing federal jurisdiction.  This
case appears to be a straightforward action for unlawful detainer, a state-law claim.  Mr.
Ale argues that a federal question is present on the face of Plaintiff's Complaint because
the foreclosure was subject to the federal Protecting Tenants at Foreclosure Act of 2009
("PTFA").  Plaintiff, however, may state a claim for unlawful detainer under California
law without in any way invoking the PTFA.  *See SD Coastline LP v. Buck*, 10CV2108
MMA NLS, 2010 WL 4809661 (S.D. Cal. Nov. 19, 2010) (rejecting the argument that
the PTFA created a federal question in an unlawful detainer action).  If the PTFA were to
arise at all in this case, it would arise in the context of a defense or counterclaim, neither
of which can form the basis for federal jurisdiction.  *See Holmes Group, Inc. v. Vornado
Air Circulation Sys., Inc.*, 535 U.S. 826, 832 (2002); *Sullivan v. First Affiliated Sec., Inc.*,
813 F.2d 1368, 1371 (9th Cir. 1987).  Here, there are no federal questions on the face of
Plaintiff's well-pleaded Complaint, and therefore there is no federal question jurisdiction.

**Conclusion**

        For the foregoing reasons, the Court **REMANDS** this action to state court.

mtg

MINUTES FORM 11
CIVIL-GEN                                          Initials of Deputy Clerk MU